(No. 15583.—Reversed and remanded.)

EBEN F. RUNYAN, Exr., Appellant, *vs.* D. B. WILLIAMS, Appellee.

*Opinion filed February 17, 1925.*

1. APPEALS AND ERRORS—*when Appellate Court should remand cause.* Where the circuit court has dismissed an appeal from an order of the probate court and an appeal is taken to the Appellate Court to review the order of dismissal, the Appellate Court, if it finds that the circuit court was right, should affirm the decision, but if it finds that the circuit court was in error in dismissing the appeal or that the probate court had no jurisdiction of the proceeding it should remand the cause to the circuit court, in the first case for a hearing and in the second case for the entry of an order dismissing the proceeding.

2. SAME—*merits cannot be reviewed until decided in trial court.* The Supreme Court and the Appellate Court are courts of review, and until the trial court has decided the merits of a case there can not be a review of the case on its merits.

APPEAL from the Third Division of the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding.

CHARLES J. TRAINOR, (JAMES J. TRAINOR, and FRANCIS H. HAYES, of counsel,) for appellant.

ERNEST W. CLARK, and LEESMAN & ROEMER, for appellee.

Per CURIAM: In connection with the administration of the estate of Williamina Chalifoux, deceased, in the probate court of Cook county, the executor of her will filed a petition pursuant to section 81 of the Administration act, alleging that appellee, D. B. Williams, had acted as agent and confidential adviser of deceased, and that while acting in such capacity he had come into possession of certain goods and chattels belonging to the estate, and praying that a cita-

tion issue directing Williams to show cause why he should not deliver the property in question to said executor. Williams filed his answer to the petition, denying that he was the agent and confidential adviser of the deceased during her lifetime and denying that he had in his possession any stocks, notes, bonds or securities belonging to her estate. There was a hearing before the probate court, and at the conclusion an order was entered making certain findings of fact, and directing Williams to pay to Eben F. Runyan, executor, within ten days after the entry of the order, $34,379.20. Williams thereupon prayed an appeal to the circuit court of Cook county, which was duly allowed and perfected. Thereafter, on motion of the executor, the circuit court dismissed the appeal on the ground that the appeal should have been taken directly to the Appellate Court. To review the order of dismissal Williams prosecuted an appeal to the Appellate Court, and the Appellate Court entered its order reversing the order of the circuit court. A certificate of importance was granted by the Appellate Court allowing an appeal to this court, and that appeal has been perfected.

The only question before the Appellate Court was the correctness of the decision of the circuit court dismissing the appeal from the order of the probate court. If the Appellate Court found that the circuit court was right it should have affirmed the decision, and if it found that the circuit court was in error in dismissing the appeal it should have reversed the decision and remanded the cause to the circuit court for hearing. The Appellate Court has not entered a judgment of the character indicated as proper, but it has entered a judgment reversing the order of the circuit court without remanding the cause. By doing this it has left the appeal standing in the circuit court and has left in full force and effect the appeal bond in the sum of $40,000 filed in the probate court by Williams. If, as the Appellate Court states in its opinion, the proceeding attempted is one of

which the probate court has no jurisdiction, the cause should be remanded to the circuit court so that it can enter an order dismissing the proceeding and thereby determine the litigation. The judgment entered by the Appellate Court, which is the only thing before this court for review, does not present the merits of the case. This court and the Appellate Court are courts of review, and until the trial court has decided the merits of a case there cannot be a review of the case on its mertis.

The judgment is reversed and the cause is remanded to the Appellate Court for the First District for further proceedings consistent with the views herein expressed.

*Reversed and remanded.*